UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY
TAMPA DIVISION

Case No.:

CERTAIN UNDERWRITERS AT LLOYDS OF LONDON (THOSE UNDERWRITERS SUBSCRIBING TO CERTIFICATE OF INSURANCE NUMBER B080196779M19) a/s/o NAVIGEA LTD.,

    Plaintiff,

v.

LABORDE PRODUCTS, INC.,

    Defendant.                    /

## COMPLAINT

Plaintiff, CERTAIN UNDERWRITERS AT LLOYDS OF LONDON (THOSE UNDERWRITERS SUBSCRIBING TO CERTIFICATE OF INSURANCE NUMBER B080196779M19) as subrogee of NAVIGEA LTD. ("Underwriters"), hereby sue LABORDE PRODUCTS, INC. ("Laborde") for damages, and state as follows:

## JURISDICTION AND VENUE

1. This is a subrogated action for negligence arising out of damages to Underwriters' insured vessel, R/V "Petrel", a 2003 oceanographic research vessel, registered in Douglas, Isle of Man, IMO number 9268629 (the "Vessel") that occurred

when it suffered a catastrophic engine failure when crossing the Atlantic Ocean on or about August 27, 2020.

2. This is an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h), and this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as the relevant damage took place upon navigable waters of the United States and the claims bear a significant relationship to traditional maritime activity.

3. Venue is properly within the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. At all times material to this action, Underwriters is and was a foreign corporation with its principal place of business in London, England.

5. At all times material to this action, Laborde is and was a corporation organized under the laws of Louisiana with its principal place of business in Covington, Louisiana.

6. The Court has specific personal jurisdiction over Laborde pursuant to § 48.193(a)(2), Fla. Stat. in that Laborde committed a tortious act within the state of Florida, and an exercise of personal jurisdiction over Laborde otherwise comports with traditional notions of fair play and substantial justice.

## FACTUAL ALLEGATIONS

7. Navigea Ltd. ("Navigea") owns and operates the Vessel as an oceanographic research vessel.

8. Laborde is a commercial engine distributor company specializing in the commercial marine and industrial markets.

9. Laborde is a distributor of Mitsubishi engines and parts and markets its products and services to a wide range of customers in marine and industrial trades.

10. In and around July 2020, Navigea brought the Vessel to Tampa, Florida to undergo a routine engine overhaul.

11. The subject engine is a Mitsubishi S16R-MPTK2 diesel generator, serial number 13174.

12. The engine overhaul was performed by Laborde while the Vessel was docked in Tampa, Florida in July/August 2020.

13. At approximately 7 a.m. local time on August 27, 2010, the Vessel's engine suffered a catastrophic failure as the Vessel was crossing the Atlantic Ocean on a trip from Port Canaveral, Florida to Leith, United Kingdom (the "Incident").

14. The failure occurred in engine cylinder unit #13, whereby the piston and connecting rod smashed through the engine block and damaged the engine beyond repair.

15. The subject engine had just 338 running hours post-overhaul when the Incident occurred.

16. The Vessel was ultimately brought to Leith, UK for lay-up and investigation into the cause of the Incident.

17. When the Vessel was inspected, it was subsequently determined that the sole source of the catastrophic engine failure was a loose connecting rod engine bolt

from cylinder unit #13, which had been improperly tightened during Laborde's recent overhaul in Tampa, Florida.

18. The loose bolt worked loose as the engine was running under normal operating conditions during the crossing, allowing the bottom end bearing to spin in its housing, generating excess heat, which damaged the crankshaft (initiated fretting and eventually a crack) and restricted lubrication. Ultimately, the piston seized, the bottom end bolts sheared, and the bearing keep and connecting rod made contact with the liner and engine block.

19. The fretting of the crankshaft manifested as pits typical of repeated high energy impacts and this is indicative of axial vibration between the bolt seat and the underside of the bolt head because the bolt was insufficiently tightened.

20. Thus, the crack in the crankshaft, which led to the catastrophic engine failure, was a result of the insufficiently tightened bolt.

21. At the time of the loss, Navigea was a party to contract of insurance issued by Underwriters, certificate no. B080196700M19, with effective dates of August 1, 2019 to August 1, 2020 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit "A"**.

22. The Policy insured the Vessel for an agreed value of USD 15,000,000, subject to a $187,500 deductible.

23. The catastrophic engine failure resulted in damages to the Vessel of $573,712.34.

24. Pursuant to the terms of the Policy, Underwriters were required to—and did—indemnify Navigea for damages to the Vessel they insured, which damages resulted directly from the negligence of Laborde.

25. The Policy provides, *inter alia*, that "It is agreed that upon payment of any loss damage, or expense the Assurers are to be subrogated to all the rights of the Assured to the extent of such payment."

## COUNT I – NEGLIGENCE AGAINST LABORDE

26. Underwriters reincorporate the allegations contained in paragraphs 1 through 25 as if more fully set forth at length herein.

27. Laborde owed a duty to Navigea to use reasonable care in reassembling the Vessel's engine during the overhaul.

28. Laborde breached its duty to Navigea by negligently reassembling the Vessel's engine, such that an engine bolt was not sufficiently tightened or torqued during the engine overhaul.

29. Laborde's failure to use reasonable care in reassembling the Vessel's engine resulted in a catastrophic engine failure, and damages to the Vessel's engine of $573,712.34.

WHEREFORE, Underwriters respectfully demand a judgment against Laborde for restitution, compensatory damages, pre-judgment interest, court costs, and all other damages and sums legally recoverable to which Underwriters are entitled as a matter of law.

## COUNT II – CONTRACTUAL SUBROGATION AGAINST LABORDE

30. Underwriters reincorporate the allegations contained in paragraphs 1 through 25 as if more fully set forth at length herein.

31. Laborde owed a duty to Navigea to use reasonable care in reassembling the Vessel's engine during the overhaul.

32. Underwriters have stepped into the shoes of Navigea pursuant to the terms and conditions of the Policy, and by virtue of having made payment thereupon.

33. Laborde breached its duty to Navigea by negligently reassembling the Vessel's engine, such that an engine bolt was not sufficiently tightened or torqued during the engine overhaul.

34. Underwriters ultimately bore the costs of property damage to the Vessel, pursuant to the Policy.

35. Laborde's negligence damaged Underwriters to the extent of repair costs less the deductible—$386,212.34—plus interest, court costs, and all other costs associated with the collection of this sum.

36. By reason of the aforementioned payment and pursuant to the terms and conditions of the Policy, Underwriters are subrogated to Navigea's rights of recovery to the extent of payment made.

WHEREFORE, Underwriters respectfully demand a judgment against Laborde for restitution, compensatory damages, pre-judgment interest, court costs, and all other damages and sums legally recoverable to which Underwriters are entitled as a matter of law.

## COUNT III – BREACH OF IMPLIED WARRANTY OF WORKMANLIKE PERFORMANCE AGAINST LABORDE

37. Underwriters reincorporate the allegations contained in paragraphs 1 through 25 as if more fully set forth at length herein.

38. The implied warranty of workmanlike performance is implied in maritime service contracts related to Vessel repairs.

39. In such an agreement, the marine contractor impliedly agrees that it will perform the contracted services in a diligent and workmanlike manner. If the work was not performed in a diligent and workmanlike manner, and damages were suffered as a result, this duty has been breached.

40. Laborde was the marine contractor and agreed to diligently re-assemble the subject engine that ultimately failed, causing the catastrophic engine failure and significant damage to the Vessel.

41. The installation of the subject bolt rendered it dangerous, insofar as it was subject to an extremely high risk of becoming loose during service, which it ultimately did, causing significant damage to the Vessel.

42. As a proximate cause of the failed reassembly of engine and, specifically, the subject bolt, the Vessel suffered a catastrophic engine failure.

43. Underwriters ultimately bore the costs of property damage to the Vessel, pursuant to the Policy, thereby subrogating it to Navigea's interests.

WHEREFORE, Underwriters respectfully demand a judgment against Laborde for restitution, compensatory damages, pre-judgment interest, court costs, and all

other damages and sums legally recoverable to which Underwriters are entitled as a matter of law.

## COUNT IV – BREACH OF CONTRACT AGAINST LABORDE

44. Underwriters reincorporate the allegations contained in paragraphs 1 through 25 as if more fully set forth at length herein.

45. Laborde offered to sell parts and service related to the Vessel's engine overhaul that were high quality and suitable for the particular use of the Vessel's engines.

46. Navigea accepted Laborde's offer by tendering the price for such repairs, creating a valid and enforceable contract, supported by valuable consideration, for the repair and overhaul of the Vessel's engines.

47. Laborde breached its contract by failing to repair the engines such that they could be operated under normal conditions as represented by Laborde.

48. As a result of Laborde's breach of contract – the failed reassembly of the engine and, specifically, the subject bolt, the Vessel suffered a catastrophic engine failure.

49. Underwriters ultimately bore the costs of property damage to the Vessel, pursuant to the Policy, thereby subrogating it to Navigea's interests.

WHEREFORE, Underwriters respectfully demand a judgment against Laborde for restitution, compensatory damages, pre-judgment interest, court costs, and all other damages and sums legally recoverable to which Underwriters are entitled as a matter of law.

## COUNT V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST LABORDE

50. Underwriters reincorporate the allegations contained in paragraphs 1 through 25 as if more fully set forth at length herein.

51. The cause of action alleged in this Count is brought pursuant to Florida Statute § 672.315.

52. The Vessel, including its engines and engine components are tangible personal property distributed into commerce normally used for personal, family, or household purposes.

53. Laborde was the commercial manufacturer, supplier, merchant, and/or seller of the engines and the engine components as defined by Florida Statute § 672.315.

54. Laborde agreed to and did overhaul and service the Vessel's engines for $61,293.98.

55. Laborde knew the Vessel's engines and engine components were manufactured for a specific purpose and Navigea relied on Laborde to provide a suitable product. Furthermore, Laborde knew or should have known that the Vessel would be used for the particular purpose of being operated in ocean conditions.

56. Laborde warranted that the new engine components and the rebuilt engines would be reasonably fit for their intended purpose.

57. Navigea was a foreseeable purchaser and foreseeable user and used the Vessel and the Vessel's engines and components in a foreseeable manner and for a purpose for which it was intended.

58. At all times material hereto, Laborde breached the Implied Warranty of Fitness for a Particular Purpose by failing to properly inspect, assemble, test, construct, and outfit the Vessel and the Vessel's engines and by delivering a vessel that was unfit for its intended use.

59. As a direct and proximate cause of Laborde's breach of warranty, Underwriters, as subrogee of Navigea, have suffered damages including the price to replace and install the Vessel's engine.

WHEREFORE, Underwriters respectfully demand a judgment against Laborde for restitution, compensatory damages, pre-judgment interest, court costs, and all other damages and sums legally recoverable to which Underwriters are entitled as a matter of law.

Dated: August 4, 2022.

                                         Respectfully submitted,

                                         **DAVANT LAW, P.A.**
                                         *Attorneys for Underwriters*
                                         12 Southeast 7th Street, Suite 601
                                         Fort Lauderdale, FL 33301
                                         Telephone: (954) 414-0400

                                         By:  */s/ Charles S. Davant*
                                                Charles S. Davant
                                                Florida Bar No. 15178
                                                csd@davantlaw.com